UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JONATHAN KIMBERLY | CIVIL ACTION NO. 12-cv-1811 |
| VERSUS | JUDGE HICKS |
| KIM KARDASHIAN, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Jonathan Kimberly ("Plaintiff"), who is self-represented, filed this civil action against former presidential candidate Herman Cain and reality television celebrities Kim and Kourtney Kardashian. There is sound reason to believe that Plaintiff is actually Jonathan Lee Riches, a former federal prisoner who has filed thousands of meritless lawsuits across the country. See Riches v. Cam Newton, 2011 WL 284489 (D. Mont. 2011) (noting that Riches has filed more than 1,500 cases in various federal courts since 2004, leveling fantastic claims against individuals, corporate entities, or inanimate objects) and Riches v. Wilkinson, 2011 WL 452982 (E.D. Ky. 2011) (noting that Riches has filed more than 3,000 cases and frequently uses aliases and names news-makers, celebrities or events as parties). For the reasons that follow, it is recommended that this complaint be dismissed as frivolous.

**The Allegations**

Plaintiff's complaint consists of a single page, titled, "PRELIMINARY INJUNCTION TEMPORARY RESTRAINING ORDER." It alleges as follows:

>   COMES NOW, THE PLAINTIFF, FACING IMMINENT DANGER AND BODILY HARM. ON 6/24/2012 I WAS AT THE PIZZA HUT IN SHREVEPORT, HERMAN CAIN WAS THERE TASTE TESTING HIS ARCH RIVAL, AND I SAW HERMAN CAIN MAKING A SEX TAPE WITH KIM KARDASHIAN IN THE MENS BATHROOM OF PIZZA HUT, AND HERMAN CAIN VIOLATED CAMPAIGN FINANCE LAWS, BECAUSE KOURTNEY KARDASHIAN IS PREGNANT WITH HIS CHILD, AND CAIN DON'T WANT HIS WIFE GLORIA TO KNOW SO KIM & KOURTNEY HAS BEEN BLACKMAILING CAIN TO PAY HUSH HUSH MONEY, $9.999.00 A MONTH, AND CAIN MOST GIVE THE KARDASHIAN FAMILY UNLIMITED GODFATHERS PIZZA GIFT CERTIFICATES OR THE KOURTNEY KARDASHIAN/HERMAN CAIN LOVE CHILD SCANDAL WILL GET REVEALED, AND THE DEFENDANTS ASSAULTED ME WITH BREAD STICKS IN PIZZA HUT BECAUSE I WAS THE ONLY WITNESS TO THE CRIME SCENE, AND I GOT A LUMP ON MY HEAD, ALSO A PAN PIZZA STRAIGHT OUT THE EVEN WAS SMASHED IN MY FACE BY KIM KARDASHIAN, AND KOURTNEY KARDASHIAN OFFENDED ME BY CALLING ME PIZZA THE HUT. I'M SCARED HERMAN CAIN TOLD ME HE IS GOING TO BURY ME ALIVE IN TOMBSTONE PIZZA. I SEEK A RESTRANGING ORDER.

The court has discovered a similar suit filed by "Jonathan Kimberly" in the District of Maine, in which the plaintiff alleges that Kim Kardashian was at the Maine Lobster Festival and assaulted him with a lobster, which pinched him on the nose, then assaulted him with a frying pan filled with sea scallops and lemon butter. <u>Kimberly v. Kardashian</u>, 12 CV 0196 (D. Maine). A complaint filed in West Virginia by a "Gino Romana" accuses the Kardashians of pledging allegiance to Al Qaeda, burning the United States flag and stomping on President Obama's photograph, after which they all drank "Jim Jones Juice" and enjoyed a Kanye West concert. <u>Romano v. Kardashian</u>, 12 CV 0090 (N.D. W. Va.). The format and substance of the filings and accompanying documents indicate that one person is behind them all.

**Authority to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint for failure to state a claim upon which relief can be granted. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this report and recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (*sua sponte* invocation of defense in report and recommendation satisfied due process).

Dismissal of a complaint under Rule 12(b)(6) is appropriate if it fails to plead "enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955 (2007). The complaint must allege enough facts to move the claim "across the line from conceivable to plausible." Id. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

Rule 12(b)(6) does not ordinarily allow dismissal based on the mere fact that a judge does not believe a complainant's factual allegations. Dismissal has nonetheless been found appropriate when the well-pleaded facts were clearly baseless because they were fanciful, fantastic, or delusional. See e.g. Gallop v. Chaney, 642 F.3d 364 (2d Cir. 2011) (dismissing a complaint that set forth a fantastical alternative history of the September 11, 2011 terrorist attacks); Whitehead v. White & Case, LLP, 2012 WL 1795151 (W.D. La. 2012) (dismissing

delusional complaint that alleged a lifelong broad-ranging conspiracy against the plaintiff by scores of federal judges and other persons). Some courts have responded to such complaints by dismissing for lack of subject-matter jurisdiction under Rule 12(b)(1) when the allegations in a complaint are absolutely devoid of merit, wholly insubstantial, obviously frivolous, or no longer open to discussion. See Degrazia v. F.B.I., 316 Fed. Appx. 172 (3d Cir. 2009) (dismissing case based on "fantastic scenarios lacking any arguable factual basis").

Plaintiff is proceeding in forma pauperis in this case, so 28 U.S.C. § 1915(e) allows the court to review and dismiss the complaint if it is frivolous, malicious, or fails to state a claim on which relief can be granted. The statute allows a claim to be dismissed as frivolous if it lacks any arguable basis in law or fact. A complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009), quoting Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

**Dismissal is Warranted**

This complaint warrants swift dismissal to avoid any further waste of the court's time processing filings in this case, which have a tendency to multiply quickly in cases of this nature. Plaintiff's allegations are either delusional or a poor attempt at entertaining himself by filing a frivolous lawsuit. The allegations are similar to those often seen in cases filed by mentally ill plaintiffs who believe that entertainers and other celebrities are interacting with them or talking to or about them in popular songs, movies, or television shows. The court is not aware of a single such claim that has ever been other than delusional or frivolous.

**Sanctions Warning**

The court has inherent authority to structure such sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice. See Whitehead v. White & Case, LLP, 2012 WL 1795151, *4 (W.D. La. 2012). Plaintiff is warned against making any future frivolous filings. Such complaints, and there are all too many of them, consume the resources of the court and the community and delay justice for citizens who have legitimate business before the court. If Plaintiff continues to file frivolous matters, a sanction adequate to deter such wasteful abuse will be recommended.

Accordingly,

**IT IS RECOMMENDED** that the complaint in this action be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of July, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE